## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FIRST CITIZENS BANK AND TRUST COMPANY, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION ) FILE NO. _____ |
| SCANTECH HOLDINGS LLC, IDENTIFICATION BEAM SYSTEMS LLC, DANIEL B. COWART, JOHN REDMOND, JAMES A. BLACKWELL, and DOLAN P. FALCONER, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## **COMPLAINT**

First Citizens Bank and Trust Company, Inc. (the "Bank") files this Complaint against ScanTech Holdings LLC, Identification Beam Systems LLC, Daniel B. Cowart, John Redmond, James A. Blackwell and Dolan P. Falconer (collectively, "Defendants"), showing the Court respectfully as follows:

## The Parties, Jurisdiction and Venue

1.

The Bank is a state chartered bank incorporated under the laws of the state of South Carolina with its principal place of business located in South Carolina. Pursuant to 28 U.S.C. 1332(c)(1), the Bank is a citizen of South Carolina.

2.

On September 25, 2009, Georgian Bank was closed by the Georgia Department of Banking and Finance. The Bank is the transferee and assignee of certain assets of Georgian Bank, including the promissory notes and guaranties referenced herein, from the Federal Deposit Insurance Corporation as receiver for Georgian Bank.

3.

ScanTech Holdings LLC ("ScanTech") is a Georgia limited liability company with its principal place of business located at 75 Fifth Street, Suite 430, Atlanta, Fulton County, Georgia 30308. ScanTech may be served with process via its registered agent, Dolan P. Falconer, at 75 Fifth Street, Suite 430, Atlanta, Fulton County, Georgia 30308. Upon information and belief, ScanTech is a citizen of Georgia.

4.

Identification Beam Systems LLC ("IBS") is a Virginia limited liability Company with its principal office located at 1021 East Cary Street, Suite 1600, Richmond, Virginia 23219. IBS may be served with process via its registered agent, Alexander C. Graham, Jr., at Williams Mullen Center, 200 South 10th Street, Richmond, Virginia 23218. Upon information and belief, IBS is a citizen of Virginia.

5.

Daniel B. Cowart ("Cowart") is an individual who resides at and may be served with process at 10695 Bell Road, Duluth, Fulton County, Georgia 30097. Upon information and belief, Cowart is a citizen of Georgia.

6.

John Redmond ("Redmond") is an individual who resides at and may be served with process at 7312 Brookstone Court, Potomac, Maryland 20854 or wherever he may be found. Upon information and belief, Redmond is a citizen of Maryland.

7.

James Blackwell ("Blackwell") is an individual who resides at and may be served with process at 311 Hardage Drive, Marietta, Cobb County, Georgia 30064

or wherever he may be found.  Upon information and belief, Blackwell is a citizen of Georgia.

8.

Dolan P. Falconer ("Falconer") is an individual who resides at and may be served with process at 210 Hamden Trace SW, Atlanta, Fulton County, Georgia 30331 or wherever he may be found.  Upon information and belief, Falconer is a citizen of Georgia.

9.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a).

10.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Bank's claims exceed $75,000.00, exclusive of costs and interest, and there is complete diversity between the parties.

## The Notes, Credit Agreement and Related Guaranties

### Note 1

11.

On or about December 14, 2007, ScanTech executed that certain Promissory Note payable to Georgian Bank in the original principal amount of $2,607,546.79, as modified by that certain Supplement and Modification to Loan Documents

between ScanTech, Cowart, IBS and Georgian Bank dated December 13, 2007 (the "December 2007 Supplement"), that certain December 13, 2008 Second Modification to Loan Documents and that certain June 13, 2009 Third Modification to Loan Documents, with a final maturity date of January 15, 2010 (as modified, "Note 1"). A true and correct copy of Note 1 is attached as Exhibit 1.

12.

Note 1 is guaranteed by those certain Commercial Guaranties dated December 13, 2007 as follows:

(a)      executed by Cowart, as superseded by the Cowart Note 2 Guaranty discussed *infra*, guarantees all amounts owed by ScanTech to Georgian Bank (the "Cowart Note 1 Guaranty");

(b)      executed by IBS, as superseded by the IBS Note 2 Guaranty discussed *infra*, guarantees all amounts owed by ScanTech to Georgian Bank (the "IBS Note 1 Guaranty", together with the Cowart Note 1 Guaranty, the "Note 1 Guaranties"). True and correct copies of the Note 1 Guaranties are attached as Exhibit 2.

## The Credit Agreement

13.

On or about January 10, 2008, ScanTech executed that certain Credit Agreement payable to Georgian Bank in the original principal amount of $1,400,000.00, identified as Loan No. 4001122100, which was modified by that certain January 10, 2008 Supplement and Modification to Loan Documents executed by ScanTech, Cowart, Redmond, Blackwell, Falconer and IBS ("the January 2008 Supplement"), that certain January 1, 2009 Second Modification to Loan Documents (the "Second Modification") and that certain June 9, 2009 Third Modification to Loan Documents, with a final maturity date of January 15, 2010 (as modified, the "Credit Agreement"). A true and correct copy of the Credit Agreement is attached as Exhibit 3.

14.

The Credit Agreement is guaranteed by those certain Commercial Guaranties as follows:

(a)    dated January 10, 2008 executed by Cowart (the "Cowart Credit Agreement Guaranty"), as superseded by the Cowart Note 2 Guaranty discussed *infra*, guarantees all amounts owed by ScanTech to Georgian Bank;

(b)     dated January 9, 2008 executed by Redmond (the "Redmond Credit Agreement Guaranty"), as superseded by the Redmond Note 2 Guaranty discussed *infra*, guarantees all amounts owed by ScanTech to Georgian Bank;

(c)     dated January 10, 2008 executed by IBS (the "IBS Credit Agreement Guaranty"), which guarantees all amounts owed by ScanTech to Georgian Bank;

(d)     dated January 10, 2008 executed by Blackwell (the "Blackwell Credit Agreement Guaranty"), as modified by the January 2008 Supplement and Second Modification, which guarantees principal owed by ScanTech to Georgian Bank under the Credit Agreement up to the amount of $137,500, plus accrued and unpaid interest on such amount, plus costs of collection of the Blackwell Guaranty, plus 6.7% of the costs of collection against ScanTech; and

(e)     dated January 10, 2008 executed by Falconer (the "Falconer Credit Agreement Guaranty"), as modified by the January 2008 Supplement, which guarantees principal owed by ScanTech to Georgian Bank under the Credit Agreement up to the amount of $262,500, plus accrued and unpaid interest on such amount, plus costs of collection of the Falconer Guaranty, plus 13.3% of the costs of collection against ScanTech.

(The Cowart Credit Agreement Guaranty, Redmond Credit Agreement Guaranty, IBS Credit Agreement Guaranty, Blackwell Credit Agreement Guaranty and

Falconer Credit Agreement Guaranty are collectively, the "Credit Agreement Guaranties.")  True and correct copies of the Credit Agreement Guaranties are attached as Exhibit 4.

## Note 2

### 15.

On or about November 19, 2008, ScanTech executed that certain Promissory Note payable to Georgian Bank in the original principal amount of $400,000.00, identified as Loan No. 4001125900, as modified by that certain June 15, 2009 First Modification to Loan Documents, with a final maturity date of January 15, 2010 (as modified, "Note 2").  A true and correct copy of Note 2 is attached as Exhibit 5.  (Note 1, Note 2 and the Credit Agreement are collectively, the "Notes.")

### 16.

Note 1, the Credit Agreement and Note 2 are guaranteed by those certain Commercial Guaranties dated November 19, 2008 as follows:

(a)    executed by Cowart, which guarantees all amounts owed by ScanTech to Georgian Bank (the "Cowart Note 2 Guaranty", together with the Cowart Note 1 and Credit Agreement Guaranties are the "Cowart Guaranties");

(b)     executed by Redmond, which guarantees all amounts owed by ScanTech to Georgian Bank (the "Redmond Note 2 Guaranty", together with the Redmond Credit Agreement Guaranties are the "Redmond Guaranties"); and

(c)     executed by IBS, which guarantee all amounts owed by ScanTech to Georgian Bank (the "IBS Note 2 Guaranty", together with the IBS Note 1 and Credit Agreement Guaranties are the "IBS Guaranties"; the IBS Note 2 Guaranty, together with Cowart Note 2 Guaranty and Redmond Note 2 Guaranty are collectively, the "Note 2 Guaranties"). True and correct copies of the Note 2 Guaranties are attached as Exhibit 6.

## The Defaults and Amounts Owed

17.

Under the Notes, a default occurs when ScanTech fails to make any payment when due thereunder.

18.

ScanTech is in default under the Notes because ScanTech failed to pay all amounts owed under the Notes at maturity, January 15, 2010.

19.

On September 8, 2010, the Bank notified ScanTech, Cowart, Redmond and IBS that ScanTech was in default under Note 1 and demanded payment of all

- 9 -

amounts owed under Note 1 (the "September 8 Demand Letter"). A true and correct copy of the September 8 Demand Letter is attached as Exhibit 7.

20.

ScanTech, Cowart, Redmond and IBS received the September 8 Demand Letter. *See* Exhibit 8.

21.

Also on September 8, 2010, the Bank notified ScanTech, Cowart, Redmond, Blackwell, Falconer and IBS that ScanTech was in default under the Credit Agreement and Note 2 and that ScanTech had fifteen (15) days from the date of the letter to cure its default (the "September 8 Cure Letter"). A true and correct copy of the September 8 Cure Letter is attached as Exhibit 9.

22.

ScanTech, Cowart, Redmond, Blackwell, Falconer and IBS received the September 8 Cure Letter. *See* Exhibit 10.

23.

ScanTech failed to timely cure its defaults under the Credit Agreement and Note and, therefore, on October 7, 2010, the Bank sent a letter to ScanTech, Cowart, Redmond, Blackwell, Falconer and IBS demanding payment of all amounts owed under the Credit Agreement and Note (the "October 7 Demand

- 10 -

Letter"). A true and correct copy of the October 7 Demand Letter is attached as
Exhibit 11.

24.

ScanTech, Cowart, Redmond, Blackwell, Falconer and IBS received the
October 7 Demand Letter. *See* Exhibit 12.

25.

Despite receipt of the cure and demand letters, Defendants failed and/or
refused to timely cure ScanTech's defaults and, to date, have failed and/or refused
to pay all amounts owed under the Notes.

26.

As of January 5, 2011, the Bank is owed the following amounts under the
Notes:

| **Note** | **Outstanding Unpaid Balance** | **Principal** | **Interest Through 01/05/2011** | **Late Fees** | **Interest *per diem* after 01/05/2011** |
|---|---|---|---|---|---|
| Note 1 | $2,795,960.24 | $2,606,394.79 | $174,664.65 | $14,900.80 | $452.50 |
| Credit Agreement | $1,393,999.50 | $1,294,025.65 | $91,978.52 | $7,995.33 | $224.66 |
| Note 2 | $429,092.35 | $400,000.00 | $26,805.55 | $2,286.80 | $69.44 |
| TOTALS | $4,619,052.09 | $4,300,420.44 | $293,448.72 | $25,182.93 | $746.60 |

27.

The Bank has complied fully with all of its obligations under the Notes and all conditions precedent to Defendants' obligations to repay the sums due under the Notes and Guaranties have been fulfilled or waived.

## COUNT I
## SUIT ON NOTES
## (Against ScanTech Holdings LLC)

28.

The allegations contained in paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29.

ScanTech is in default under the Notes.

30.

Despite notice and an opportunity to cure, ScanTech has refused and/or failed to make the payments required under the Notes.

31.

As of January 5, 2011, the Bank is owed $4,619,052.09 under the Notes, with interest accruing at the *per diem* rate of $746.60 after January 5, 2011.

32.

Borrower is hereby notified by the Bank that it intends to enforce the provisions of the Notes relative to the payment of attorneys' fees.

33.

Pursuant to Note 1, the Credit Agreement and O.C.G.A. § 13-1-11, Borrower has ten (10) days from the date of service of this Complaint upon it within which to pay all sums due under Note 1 and the Credit Agreement without also being liable to the Bank for attorneys' fees and expenses. Borrower can avoid the obligation to pay attorneys' fees by paying all sums due under Note 1 and the Credit Agreement within ten (10) days after service of this Complaint upon it. If Borrower fails to pay the sums due under Note 1 and the Credit Agreement within ten (10) days of the service of the Complaint upon it, Borrower shall be liable for the Bank's reasonable actual attorneys' fees and expense in addition to the sums due under Note 1 and the Credit Agreement.

34.

Pursuant to Note 2 and O.C.G.A. § 13-1-11, Borrower has ten (10) days from the date of service of this Complaint upon it within which to pay all sums due under Note 2 without also being liable to the Bank for attorneys' fees and expenses. Borrower can avoid the obligation to pay attorneys' fees by paying all

- 13 -

sums due under the Note 2 within ten (10) days after service of this Complaint upon it. If Borrower fails to pay the sums due under Note 2 within ten (10) days of the service of the Complaint upon it, Borrower shall be liable for attorneys' fees in the amount of fifteen percent (15%) of the aggregate amount of the principal and interest due under Note 2 in addition to the sums due under Note 2.

35.

Alternatively, Borrower's failure to pay all sums due under the Notes is in bad faith, constitutes stubborn litigiousness, and has caused the Bank unnecessary trouble and expense thereby entitling the Bank to recover its expenses of litigation, including reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## COUNT II
## SUIT ON COWART GUARANTIES,
## REDMOND GUARANTIES AND IBS GUARANTIES
## (Against Daniel B. Cowart, John Redmond and
## Identification Beam Systems LLC)

36.

The allegations contained in paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

37.

ScanTech is in default under the Notes.

- 14 -

38.

Cowart is in default under the Cowart Guaranties.

39.

Redmond is in default under the Redmond Guaranties.

40.

IBS is in default under the IBS Guaranties.

41.

Despite notice and an opportunity to cure, Cowart, Redmond and IBS have refused and/or failed to make the payments required under the Notes and Cowart Guaranties, Redmond Guaranties and IBS Guaranties.

42.

Pursuant to the Note 2 Guaranties, Cowart, Redmond and IBS guaranteed and owe all amounts owed by ScanTech to Bank under the Notes.

43.

As of January 5, 2011, the Bank is owed $4,619,052.09 under the Notes, with interest accruing at the *per diem* rate of $746.60 after January 5, 2011.

44.

Cowart, Redmond and IBS are hereby notified by the Bank that it intends to enforce the provisions of the Notes, the Cowart Guaranties, Redmond Guaranties and IBS Guaranties relative to the payment of attorneys' fees.

45.

Pursuant to Note 1, the Credit Agreement, the Cowart Guaranties, Redmond Guaranties, IBS Guaranties and O.C.G.A. § 13-1-11, Cowart, Redmond and IBS have ten (10) days from the date of service of this Complaint upon them within which to pay all sums due under Note 1 and the Credit Agreement without also being liable to the Bank for attorneys' fees and expenses. Cowart, Redmond and IBS can avoid the obligation to pay attorneys' fees by paying all sums due under the Note 1 and the Credit Agreement within ten (10) days after service of this Complaint upon them. If Cowart, Redmond and IBS fail to pay the sums due under Note 1 and the Credit Agreement within ten (10) days of the service of the Complaint upon them, Cowart, Redmond and IBS shall be liable for the Bank's reasonable actual attorneys' fees and expense in addition to the sums due under Note 1 and the Credit Agreement.

46.

Pursuant to Note 2, the Cowart Guaranties, Redmond Guaranties, IBS Guaranties and O.C.G.A. § 13-1-11, Cowart, Redmond and IBS have ten (10) days from the date of service of this Complaint upon them within which to pay all sums due under Note 2 without also being liable to the Bank for attorneys' fees and expenses. Cowart, Redmond and IBS can avoid the obligation to pay attorneys' fees by paying all sums due under the Note 2 within ten (10) days after service of this Complaint upon them. If Cowart, Redmond and IBS fail to pay the sums due under Note 2 within ten (10) days of the service of the Complaint upon them, Cowart, Redmond and IBS shall be liable for attorneys' fees in the amount of fifteen percent (15%) of the aggregate amount of the principal and interest due under Note 2 in addition to the sums due under Note 2.

47.

Alternatively, Cowart, Redmond and IBS' failure to pay all sums due under the Notes, Cowart Guaranties, Redmond Guaranties and IBS Guaranties executed by them is in bad faith, constitutes stubborn litigiousness, and has caused the Bank unnecessary trouble and expense thereby entitling the Bank to recover its expenses of litigation, including reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## COUNT III
## SUIT ON BLACKWELL CREDIT AGREEMENT GUARANTY
### (Against James A. Blackwell)

48.

The allegations contained in paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

49.

ScanTech is in default under the Credit Agreement.

50.

Blackwell is in default under the Blackwell Credit Agreement Guaranty.

51.

Despite notice and an opportunity to cure, Blackwell has refused and/or failed to make the payments required under the Credit Agreement and the Blackwell Credit Agreement Guaranty.

52.

As of January 5, 2011, the Bank is owed $1,393,999.50 under the Credit Agreement, with interest accruing at the *per diem* rate of $224.66 after January 5, 2011.

53.

Pursuant to the Blackwell Credit Agreement Guaranty, Blackwell is liable to the Bank in the principal amount of $137,500 owed under the Credit Agreement, plus accrued and unpaid interest on such amount.

54.

Blackwell is hereby notified by the Bank that it intends to enforce the provisions of the Credit Agreement and Blackwell Credit Agreement Guaranty relative to the payment of attorneys' fees.

55.

Pursuant to the Credit Agreement, the Blackwell Credit Agreement Guaranty and O.C.G.A. § 13-1-11, Blackwell has ten (10) days from the date of service of this Complaint upon him within which to pay all sums due under the Credit Agreement without also being liable to the Bank for attorneys' fees and expenses. Blackwell can avoid the obligation to pay attorneys' fees by paying the principal amount of $137,500 owed under the Credit Agreement, plus accrued and unpaid interest on such amount within ten (10) days after service of this Complaint upon him. If Blackwell fails to pay paying principal amount of $137,500 owed under the Credit Agreement, plus accrued and unpaid interest on such amount within ten (10) days of the service of the Complaint upon him, Blackwell shall be

liable for all costs of collection of the Blackwell Credit Agreement Guaranty plus 6.7% of the reasonable attorneys' fees actually incurred by Bank in collecting the amounts owed by ScanTech under the Credit Agreement in addition to the sums due by Blackwell under the Credit Agreement and the Blackwell Credit Agreement Guaranty.

56.

Alternatively, Blackwell's failure to pay all sums due under the Credit Agreement and Blackwell Credit Agreement Guaranty is in bad faith, constitutes stubborn litigiousness, and has caused the Bank unnecessary trouble and expense thereby entitling the Bank to recover its expenses of litigation, including reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## COUNT IV
## SUIT ON FALCONER CREDIT AGREEMENT GUARANTY
## (Against Dolan P. Falconer)

57.

The allegations contained in paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

58.

ScanTech is in default under the Credit Agreement.

- 20 -

59.

Falconer is in default under the Falconer Credit Agreement Guaranty.

60.

Despite notice and an opportunity to cure, Falconer has refused and/or failed to make the payments required under the Credit Agreement and the Falconer Credit Agreement Guaranty.

61.

As of January 5, 2011, the Bank is owed $1,393,999.50 under the Credit Agreement, with interest accruing at the *per diem* rate of $224.66 after January 5, 2011.

62.

Pursuant to the Falconer Credit Agreement Guaranty, Falconer is liable to the Bank in the principal amount of $262,500 owed under the Credit Agreement, plus accrued and unpaid interest on such amount.

63.

Falconer is hereby notified by the Bank that it intends to enforce the provisions of the Credit Agreement and Falconer Credit Agreement Guaranty relative to the payment of attorneys' fees.

64.

Pursuant to the Credit Agreement, the Falconer Credit Agreement Guaranty and O.C.G.A. § 13-1-11, Falconer has ten (10) days from the date of service of this Complaint upon him within which to pay all sums due under the Credit Agreement without also being liable to the Bank for attorneys' fees and expenses. Falconer can avoid the obligation to pay attorneys' fees by paying the principal amount of $262,500 owed under the Credit Agreement, plus accrued and unpaid interest on such amount within ten (10) days after service of this Complaint upon him. If Falconer fails to pay paying principal amount of $262,500 owed under the Credit Agreement, plus accrued and unpaid interest on such amount within ten (10) days of the service of the Complaint upon him, Falconer shall be liable for all costs of collection of the Falconer Credit Agreement Guaranty plus 13.3% of the reasonable attorneys' fees actually incurred by Bank in collecting the amounts owed by ScanTech under the Credit Agreement in addition to the sums due by Falconer under the Credit Agreement and the Falconer Credit Agreement Guaranty.

65.

Alternatively, Falconer's failure to pay all sums due under the Credit Agreement and Falconer Credit Agreement Guaranty is in bad faith, constitutes

stubborn litigiousness, and has caused the Bank unnecessary trouble and expense thereby entitling the Bank to recover its expenses of litigation, including reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, First Citizens Bank and Trust Company, Inc. demands judgment against ScanTech Holdings LLC as to Count I as follows:

(a)    for principal in the amount of $4,300,420.44;

(b)    for accrued interest as of January 5, 2011 in the amount of $293,448.72, plus interest accruing thereafter at the default rate of $746.60 *per diem*;

(c)    for late charges in the amount of $25,182.93;

(d)    for attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-1-11 or, in the alternative, pursuant to O.C.G.A. § 13-6-11;

(e)    for post-judgment interest as provided by law;

(f)    for all costs of court; and

(g)    for such other and further relief as this Court deems just and proper.

WHEREFORE, First Citizens Bank and Trust Company, Inc. demands judgment jointly and severally against Daniel B. Cowart, John Redmond and Identification Beam Systems LLC as to Count II as follows:

(a)     for principal in the amount of $4,300,420.44;

(b)     for accrued interest as of January 5, 2011 in the amount of $293,448.72, plus interest accruing thereafter at the default rate of $746.60 *per diem*;

(c)     for late charges in the amount of $25,182.93;

(d)     for attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-1-11 or, in the alternative, pursuant to O.C.G.A. § 13-6-11;

(e)     for post-judgment interest as provided by law;

(f)     for all costs of court; and

(g)     for such other and further relief as this Court deems just and proper.

WHEREFORE, First Citizens Bank and Trust Company, Inc. demands judgment against James A. Blackwell as to Count III as follows:

(a)     for principal in the amount of $137,500.00 and accrued interest owed and owing thereon;

(b)     pursuant to O.C.G.A. § 13-1-11, for all costs of collection of the Blackwell Credit Agreement Guaranty plus 6.7% of the reasonable attorneys' fees actually incurred by Bank in collecting the amounts owed by ScanTech under the Credit Agreement or, in the alternative, attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11;

    (c)    for post-judgment interest as provided by law;

    (d)    for all costs of court; and

    (e)    for such other and further relief as this Court deems just and proper.

WHEREFORE, First Citizens Bank and Trust Company, Inc. demands judgment against Dolan P. Falconer as to Count IV as follows:

- (a) for principal in the amount of $262,500.00 and accrued interest owed and owing thereon;

- (b) pursuant to O.C.G.A. § 13-1-11, for all costs of collection of the Falconer Credit Agreement Guaranty plus 13.3% of the reasonable attorneys' fees actually incurred by Bank in collecting the amounts owed by ScanTech under the Credit Agreement or, in the alternative, attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11;

- (c) for post-judgment interest as provided by law;

- (d) for all costs of court; and

- (e) for such other and further relief as this Court deems just and proper.

Respectfully submitted, this 20th day of January, 2011.

**MORRIS, MANNING & MARTIN, LLP**

By: /s/ Lisa Wolgast
    Frank W. DeBorde
    Georgia Bar No. 215415
1600 Atlanta Financial Center    Lisa Wolgast
3343 Peachtree Road, N.E.    Georgia Bar No. 773399
Atlanta, Georgia 30326
Telephone: (404) 233-7000    *Attorneys for Plaintiff First Citizens*
Facsimile: (404) 365-9532    *Bank and Trust Company, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that the foregoing pleading has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in Local Rule 5.1C.

**MORRIS, MANNING & MARTIN, LLP**

By: /s/ Lisa Wolgast
Lisa Wolgast
Georgia Bar No. 773399